UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORPORATION FOR INTERNATIONAL BUSINESS,<br><br>Plaintiff,<br><br>- against -<br><br>UNITED STATES COUNCIL FOR INTERNATIONAL BUSINESS, INCORPORATED,<br><br>Defendant. | 26-CV-8254 (VSB)<br><br>**ORDER** |

VERNON S. BRODERICK, United States District Judge:

On November 12, 2026, I held a telephonic conference regarding Plaintiff Corporation for International Business's ("Boomerang") application for a temporary restraining order ("TRO"), preliminary injunction ("PI"), and declaratory judgment against United States Council for International Business, Incorporated ("USCIB") (Doc. 16 ("Motion")), during which I denied Boomerang's TRO application. During the telephonic conference, I also ordered USCIB to submit a supplemental declaration confirming defense counsel's representation that USCIB will continue to facilitate the issuance and use of paper ATA Carnets until such time that governmental entities require the use of electronic ATA Carnets, granted Boomerang's motion for expedited discovery, and ordered the parties to meet and confer regarding a schedule for expedited discovery, supplemental briefing, and oral argument on Boomerang's PI application and submit a joint proposed schedule by November 19, 2026. I indicated that after receiving USCIB's supplemental declaration, I would issue a written order memorializing my oral denial

of Boomerang's TRO application and include a list of issues I feel are particularly salient to whether a PI is appropriate.

On November 16, 2026, USCIB submitted the Supplemental Declaration of Declan Daly (Doc. 29), which confirmed that paper ATA Carnets remain valid and effective, (*id.* at ¶ 5), USCIB would assist Boomerang if its customers were questioned by customs officials for presenting paper ATA Carnets, as it has done with another company that requested such assistance, (*id.* at ¶¶ 6-7), and "USCIB will continue to facilitate paper ATA Carnets for travel to any country unless and until they are no longer accepted by foreign countries," likely until the end of 2027, (*id.* at ¶ 8).

As I represented at the November 12 conference, I confirm my denial of Boomerang's TRO application on the basis of Boomerang's substantial delay in seeking such relief. On March 31, 2026, USCIB informed Boomerang through a slide presentation in a slide entitled "Boomerang Requirements" that a "New Service Provider Agreement" ("SPA") would be necessary to begin issuing electronic ATA Carnets. (Doc. 18-2 at 18; Doc. 19 at 9.) On June 16, 2026, USCIB repeated that a new SPA would be required as a "condition for authorization to issue eATA carnets on behalf of USCIB." (Doc. 15-1 ¶ 9.) On July 9, 2026, USCIB emailed Boomerang a "revised USCIB [SPA]." (Doc. 18-5.) On July 22, 2026, USCIB reiterated its position that "execution of the new [SPA] is a prerequisite for participation in USCIB's digital carnet implementation activities, including testing, training, access to implementation materials, and issuance of digital carnets." (Doc. 15-1 ¶ 10.) On August 14, 2026, USCIB again represented to Boomerang that "USCIB's position is that the [existing 2013 SPA] does not confer authorization to issue eATA Carnets." (Doc. 15 at 11.) On September 22, 2026, Boomerang filed its complaint in this case, but did not seek a TRO at that time although it did

indicate it was seeking a PI. It was not until October 27, 2026 when Boomerang filed the Motion seeking a TRO.

"The length of delay" in filing for emergency injunctive relief "is measured from the time the plaintiff originally learned of the alleged violation or is put on notice thereof." *Two Hands IP v. Two Hands Am.*, 563 F. Supp. 3d 290, 301 (S.D.N.Y. 2021). Assuming for the sake of argument that the parties' existing 2013 SPA obligated USCIB to facilitate Boomerang's issuance of electronic ATA Carnets, Boomerang was on notice of USCIB's breach as of March 31, when USCIB represented that the execution of a new SPA would be required. Boomerang filed the Motion on October 27, almost seven months after USCIB informed Boomerang a new SPA would be required, and well over three months after USCIB sent Boomerang a new draft SPA on July 9. A delay of this magnitude, for which Boomerang offers no "persuasive justification," precludes me from finding that Boomerang would likely suffer irreparable injury absent a TRO. *See id.* at 300; *see also Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144 (2d Cir. 2005) ("We have found delays of as little as ten weeks sufficient to defeat the presumption of irreparable harm"). Therefore, I deny the TRO application. *Roberts v. Atl. Recording Corp.*, 892 F. Supp. 83, 89 (S.D.N.Y. 1995) ("[P]roof of irreparable injury is a prerequisite to the issuance of a [TRO]").

As for the parties' forthcoming expedited discovery and supplemental briefing, I would encourage the parties to focus on the following issues: (1) whether the parties contemplated the issuance of electronic ATA Carnets at the time the existing 2013 SPA was executed, including language in the existing 2013 SPA that supports or does not support such an interpretation; (2) whether the existing 2013 SPA can be amended by the parties' course of conduct, including (a) language in the existing 2013 SPA, and (b) examples of conduct that either supports or does not

support such an amendment; (3) how, if at all, the existing 2013 SPA created an principal-agent relationship between the parties such that USCIB was permitted to terminate the relationship at-will and Boomerang is limited to damages relief, including any legal authority that supports such a relationship; (4) what percentage of Boomerang's current annual revenues consists of its U.S. ATA Carnet issuance business and associated U.S. ATA Carnet bond issuance business; (5) what steps, if any, Boomerang has taken to develop or scale alternative revenue streams in the event that it is no longer permitted to issue ATA Carnets in the U.S.; and (6) what impact, if any, USCIB's designation by U.S. Customs and Border Protection as the U.S.'s sole National Guaranteeing Association has on the PI application and Boomerang's claims generally.

SO ORDERED.

Dated: November 18, 2026
New York, New York

Vernon S. Broderick
United States District Judge